# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CODY MANUEL, )
 )
          Plaintiff, )
 )
vs. ) Case No. 09-1244-WEB-KGG
 )
WICHITA HOTEL PARTNERS, LLC, )
*et al.*, )
 )
          Defendants. )
 )

## MEMORANDUM AND ORDER

Now before the Court is Plaintiff's Motion to Compel Defendant Kohler Co. to Respond to Interrogatories and a supporting memorandum. (Doc. 80, 82.) Defendants have responded in opposition. (Doc. 99.) Plaintiff did not file a reply and the time to do so has expired pursuant to D.Kan. Rule 6.1(d)(1). Having reviewed the submissions of the parties, the Court is prepared to rule on Plaintiff's Motion.

## BACKGROUND

Plaintiff filed a Petition in Sedgwick County, Kansas District Court on July 9, 2009, alleging "permanent and disabling injuries" as a result of slipping and

falling in a bathtub while a guest in a hotel in Wichita, Kansas. (*See generally* Doc. 1-1.) He brings causes of action for premises liability, strict liability, breach of warranty, negligence, misrepresentation, and violations of the Kansas Consumer Protection Act against the various Defendants. (*Id.*) The Defendants removed the matter to the United States District Court for the District of Kansas on August 4, 2009. (Doc. 1.) Defendants jointly filed their answer on October 13, 2009, generally denying Plaintiff's allegations and raising certain affirmative defenses. (Doc. 12.)

Plaintiff served the discovery at issue on Defendant Kohler Co. (hereinafter "Kohler" or "Defendant") on December 2, 2009. (Doc. 24.) Kohler served its responses and objections on February 4, 2010. (Doc. 31.) Plaintiff's counsel apparently first conferred with defense counsel regarding outstanding discovery disputes on March 25, 2010.[1] (Doc. 82, at 2; Doc. 88, at 2.) Communication continued regarding the discovery disputes, leading Kohler to provide

---

[1] The Court notes that Plaintiff was required to file any motion to compel relating to Kohler's interrogatory responses within 30 days of receipt of the same pursuant to D.Kan. Rule 37.1(b), absent a showing of "good cause." The pending motion indicates Plaintiff's counsel did not even contact Kohler's counsel to confer regarding the discovery until more than six weeks after the discovery responses were served. (*See* Doc. 82, at 1-2.) The Court is not necessarily convinced Plaintiff adequately addressed the issue of good cause for failing to timely file the motion. Kohler has, however, failed to raise the issue in its response. Further, considering the parties engaged in continued communication regarding the discovery, and Kohler served supplemental responses, the Court will consider Plaintiff's motion on its merits.

supplemental responses on June 11, 2010. (Doc. 68; Doc. 99, at 3.) Plaintiff found the supplemental responses to be "inadequate," leading to the filing of the present motion. (Doc. 80; Doc. 82, at 2.) Thereafter, and prior to responding to Plaintiff's motion, Kohler filed second supplemental responses to Plaintiff's discovery requests on July 22, 2010. (Doc. 93; Doc. 99-1.)

In its response to Plaintiff's motion, Kohler stated that, based on recent communication with Plaintiff's counsel, it "understands that there is no longer a dispute regarding the answers provided by Kohler to Interrogatory No. 17." (Doc. 99, at 5; *see also* Doc. 99-2.) Because Plaintiff did not file a reply to Defendant's response, this statement is uncontroverted. As such, Plaintiff's motion is **DENIED as moot** in regard to Interrogatory No. 17. Thus, the only issues before the Court relate to Defendant's response to Plaintiff's Interrogatory No. 7.

## **DISCUSSION**

Fed. R. Civ. P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." As such, the requested information must be both nonprivileged and relevant to be discoverable.

3

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." ***Teichgraeber v. Memorial Union Corp. of Emporia State University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D.Kan.1991). Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." ***Snowden By and Through Victor v. Connaught Lab.***, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

Within these general parameters, the Court will address the parties' dispute regarding Plaintiff's Interrogatory No. 7, which requests Kohler "state the total purchase price of the product at issue at the time it was sold and put into the stream of commerce and the total costs to the defendant of manufacturing the product in question." (Doc. 80-1, at 2.) Kohler initially objected that the interrogatory was not reasonably calculated to lead to the discovery of admissible evidence. (*Id*., at 6.) Without waiving that objection, Kohler stated it was "unaware of the sales

4

price to any distributor, contractor, or to [the other Defendants] when it was sold in 1994 or 1995." (*Id.*) Defendant's second supplemental response maintained the same objection and conditional response, while adding that

> the retail list price of the Villager K-716 in 1994 was $319.50 (in white) and in 1995 was $335.55 (in white). Kohler does not know the total cost for manufacturing, selling and shipping the subject bathtub in 1994 or 1995. Additionally, Kohler does not know who the purchaser was in order to determine the purchase price. Based on its experience, however, Kohler bid the hotel project at a per-unit price substantially less than the list price. Additionally, the product was sold through a distributor which added its costs to the product.

(Doc. 99, at 5; Doc. 99-1, at 2-3.) Plaintiff contends that the question posed by Interrogatory No. 7 is within the scope of discovery. Without providing any substantive discussion of the relevancy, Plaintiff obliquely argues that the information solicited is "necessary to this case to show Defendant Kohler Co. knew there was a potential hazard and/or defect with the product in question." (Doc. 82, at 3-4.)

"[W]hen a party files a motion to compel and asks the Court to overrule certain objections, the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." ***Sonnino v. University of Kansas Hosp. Authority***, 221 F.R.D.

5

661, 670-171 (D.Kan. 2004). *See also* **Hammond v. Lowe's Home Ctrs., Inc**., 216 F.R.D. 666, 670 (D.Kan.2003) (holding that unless a request is overly broad, irrelevant, or unduly burdensome on its face, the party asserting the objection has the duty to support its objections).

The Court finds that Kohler has not met its burden to specifically establish how Plaintiff's discovery request was objectionable. The objection stated in Kohler's discovery response is thoroughly conclusory with no discussion or explanation of how the request was objectionable beyond the underlying objection itself. Further, Kohler's response brief does not even address the issue of the interrogatory being "not reasonably calculated to lead to the discovery of admissible evidence." (*See generally* Doc. 99.)

Even so, despite Plaintiff's protestations, the Court finds nothing "inadequate" about Kohler's supplemental response. Plaintiff argues that he "believes that the information Defendant Kohler Co. will find by searching its corporate records is of great importance and usefulness." (Doc. 82, at 4.) In its response brief, however, Kohler states that it

> made an exhaustive search of its records in order to determine if it possessed documents indicating the total cost of manufacturing the bathtub at issue in 1994 or 1995. This search even required Kohler to obtain special microfiche reading equipment in order to review documents in its possession. As stated in Kohler's

> Second Supplemental Response, Kohler simply does not
> know the total cost for manufacturing, selling and
> shipping the subject bathtub in 1994 or 1995.

(Doc. 99, at 5.) Regardless of what Plaintiff "believes," the Court is satisfied that Kohler has made a good faith attempt to search its business records for the information requested. Given the efforts to which Kohler went to provide its supplemental response to Plaintiff, the Court finds the answer provided to anything but "inadequate."[2] Plaintiff's Motion to Compel (Doc. 80) is, therefore, **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Defendant Kohler Co. to Respond to Interrogatories (Doc. 80) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 30th day of August, 2010.

                         S/ KENNETH G. GALE
                         KENNETH G. GALE
                         United States Magistrate Judge

---

[2] Kohler also notes that while the parties were conferring, Plaintiff's counsel "stated that he expects Kohler to provide an 'estimate of the cost to manufacture a tub 15 years ago.'" (Doc. 99, at 6; *see also* Doc. 99-2, at 2.) Kohler argues it has "no obligation to speculate as to an 'estimate' of the manufacturing costs" and that such an estimate would have no evidentiary value. (Doc. 99, at 6.) The Court is inclined to agree with Defendant's position. Regardless, this request from Plaintiff appears only in an e-mail between the parties and is not part of Plaintiff's underlying discovery request or his arguments to the Court. As such, the Court need not issue a ruling regarding any request for such an estimate.