# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CODY MANUEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-1244-WEB-KGG |
| | ) |
| WICHITA HOTEL PARTNERS, LLC, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER AND
# THIRD REVISED SCHEDULING ORDER

Now before the Court is Plaintiff's Revised Motion to Modify Scheduling Order and supporting memorandum. (Doc. 115, 116.) Defendant Hotel Partners has no objection to the requested modifications. Defendant Kohler Company, however, has responded in opposition. (Doc. 117 [incorporating and adopting arguments made in Doc. 102, which responded to Plaintiff's initial Motion to Modify].) Plaintiff did not file a reply but the parties have informed the Court there will be no further briefing in regard to this motion. Having reviewed the submissions of the parties, the Court is prepared to rule on Plaintiff's Motion.

## BACKGROUND

Plaintiff filed a Petition in Sedgwick County, Kansas District Court on July 9, 2009, alleging "permanent and disabling injuries" as a result of slipping and falling in a bathtub while a guest in a hotel in Wichita, Kansas. (*See generally* Doc. 1-1.) He brings causes of action for premises liability, strict liability, breach of warranty, negligence, misrepresentation, and violations of the Kansas Consumer Protection Act against the various Defendants. (*Id.*) The Defendants removed the matter to the United States District Court for the District of Kansas on August 4, 2009. (Doc. 1.) Defendants jointly filed their answer on October 13, 2009, generally denying Plaintiff's allegations and raising certain affirmative defenses. (Doc. 12.)

The Court's initial Scheduling Order was entered on November 3, 2009, which included a March 11, 2010, deadline for Plaintiff to serve expert reports and a May 7, 2010, discovery deadline. (*See* Doc. 14.) A revised Scheduling Order was entered on January 14, 2010 (Doc. 29) following a status conference with the Court. The revised Order set May 14, 2010, as the deadline for Plaintiff to serve expert reports and a July 9, 2010, discovery deadline. (*Id.*) The Scheduling Order was modified a second time (Doc. 53) on May 5, 2010, following Plaintiff's unopposed motion to do so (Doc. 52). The Second Revised Scheduling Order

stated that Plaintiff should serve his expert witness disclosures by August 12, 2010, and discovery should be complete by October 7, 2010. (*See* Doc. 53.)

Throughout this time frame, the parties were actively engaged in discovery. As is often the case with cases involving multiple parties, however, there were numerous scheduling issues, particularly in regard to the setting and re-setting of depositions. Plaintiff has done a thorough job of summarizing these issues, delays and reschedulings in his motion, which the Court will incorporate by reference. (*See* Doc. 116, at 2-3.)

## **DISCUSSION**

Motions to modify a scheduling order are governed by Fed.R.Civ.P. 16(b)(4), which mandates that "[a] schedule may be modified only for good cause and with the judge's consent."

> To establish 'good cause' the moving party must show that the scheduling order's deadline could not have been met with diligence. ***Parker v. Central Kansas Medical Center***, 178 F.Supp.2d 1205, 1210 (D.Kan.2001); ***Denmon v. Runyon***, 151 F.R.D. 404, 407 (D.Kan.1993). 'This rule gives trial courts 'wide latitude in entering scheduling orders,' and modifications to such orders are reviewed for abuse of discretion.' ***In re Daviscourt***, 353 B.R. 674, (B.A.P. 10th Cir.2006) (citing ***Burks v. Okla. Publ'g Co.***, 81 F.3d 975, 978-79 (10th Cir.1996)).

***Grieg v. Botros***, No. 08-1181-EFM-KGG, 2010 WL 3270102, at *3 (D.Kan. Aug. 12, 2010). It is well-established in this District that lack of prejudice to the

3

nonmovant does not establish the requisite good cause to modify a scheduling order. ***Deghand v. Wal-Mart Stores, Inc.***, 904 F.Supp. 1218, 1220 (D.Kan.1995) (affirming a magistrate's order denying a motion to amend complaint that was untimely filed under the case's scheduling order). In other words,

> Rule 16(b)'s good cause standard does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking to modify the scheduling order.

***Grieg***, 2010 WL 3270102, at *3 (citing ***Leviton Mfg. Co., Inc. v. Nicor, Inc***., 245 F.R.D. 524, 528 (D.N.M.2007) (internal citations omitted)).

The Court notes that Plaintiff has sought several previous extensions in this case, as discussed above and in Plaintiff's motion. (*See* Doc. 116, at 2-3.) This litigation has a long – although not unusual – history of amended deadlines, and discovery remains ongoing. Under these circumstances it will not serve justice to refuse to modify the Scheduling Order for the purpose requested. Further, suffice it to say that at least a portion of the relief Plaintiff is requesting has been necessitated by numerous depositions having been rescheduled or delayed to accommodate the schedules of various witnesses and attorneys – including those for Defendant Kohler. (*Id*.) Under these circumstances, the Court is satisfied that Plaintiff has established good cause for the requested modifications. Plaintiff's Motion (Doc. 115) is, therefore, **GRANTED**.

Even so, the Court finds Plaintiff's requested extensions to be somewhat excessive. In this regard, the Court is mindful of the length of time the case has been active as well as the parameters of D.Kan. Rule 26.1, which states that "discovery should be completed . . . within four months after a scheduling order is issued pursuant to Fed.R.Civ.P. 16(b)." While that rule allows for a longer period of time for discovery upon a showing of good cause, the fact remains that the Court's initial Scheduling Order was entered more than 10 months ago (Doc. 14) in what is basically a straight forward premises liability case.

Further, the Court agrees with certain substantive limitations suggested by Defendant Kohler. For one, the Court sees no reason to extend Plaintiff's deadline to join additional parties or otherwise amend the pleadings. As Defendant notes, Plaintiff provides no discussion as to why this deadline – which had previously been extended – could not have been met by Plaintiff.

In addition, the Court finds no justification for a blanket extension of Plaintiff's expert witness disclosure deadline. As Defendant states – and Plaintiff does not controvert – Plaintiff served his expert witness disclosures on the current August 12, 2010, deadline. (Doc. 102, at 7.) Because Plaintiff, at the time he filed his initial motion (Docs. 100, 101) was anticipating additional neurological testing, the Court will extend his expert witness deadline for medical causation and damage

experts only.

With these rulings in mind, the Court revises the Scheduling Order as follows:

1. Disclosures required by Fed.R.Civ.P. 26(a)(2) including reports from retained experts shall be served by Plaintiff by **October 12, 2010**. Because Plaintiff has previously filed expert disclosures, he shall be limited to additional expert disclosures regarding medical causation and damages only. Defendants shall serve their disclosures by **November 16, 2010**. Any party seeking permission to file a rebuttal expert disclosure shall file a motion for leave to do so by **December 6, 2010**. The parties shall serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-05, ***Daubert v. Merrell Dow Pharmaceuticals, Inc.***, 509 U.S. 579 (1993), ***Kumho Tire Co. v. Carmichael***, 526 U.S. 137 (1999), or similar case law), within 11 days after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (*e.g.*, whether all of the information required by Rule 26(a)(2)(B) has been provided, such as lists of prior testimony and publications). These objections need not

extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer consistent with requirements of D. Kan. Rule 37.2 before filing any motion based on those objections. As noted below, any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown; otherwise, the objection to the default, response, answer, or objection shall be deemed waived. See D. Kan. Rule 37.1(b).

2. The parties shall complete all Fed.R.Civ.P. 35 physical or mental examinations by **October 1, 2010**.

3. Supplementations of disclosure under Fed.R.Civ.P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served by **November 10, 2010**, which is 40 days before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify

the universe of all witnesses and exhibits that probably or even might be used at trial. The rationale for the mandatory supplemental disclosures 40 days before the discovery cutoff is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule26(a)(3) disclosures, which as explained below usually are filed 21 days before trial, that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. *See* Fed.R.Civ.P. 37(c)(1).

4. All discovery shall be commenced or served in time to be completed by **December 17, 2010**.

5. All other potentially dispositive motions (e.g., motions for summary judgment) shall be filed by **December 27, 2010**.

6. The mediation shall be held no later than **January 14, 2011**, before the mediator chosen by the parties (Bryson Mills).

7. Pursuant to Fed. R. Civ. P. 16(e), a final pretrial conference is <u>re-scheduled</u> for **February 11, 2011**, at **11:00 a.m.** in 406 U.S. Courthouse, 401 N. Market, Wichita, Kansas, or by telephone if the judge determines that the proposed pretrial order is in the appropriate format and that there are no other problems requiring counsel to appear in person. Unless otherwise notified, the undersigned magistrate judge will conduct the conference. The parties shall prepare one proposed final pretrial order. No later than **February 1, 2011**, defendant shall submit the parties' proposed pretrial order (formatted in WordPerfect X3 or earlier version) as an attachment to an Internet e-mail sent to *ksd_gale_chambers@ksd.uscourts.gov.* The proposed pretrial order shall not be filed with the Clerk's Office. It shall be in the form available on the court's website (*www.ksd.uscourts.gov*), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C) of the Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases.

**IT IS THEREFORE ORDERED** that Plaintiff's Revised Motion to Modify Scheduling Order (Doc. 115) is **GRANTED** pursuant to the parameters more thoroughly set forth above.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 20th day of September, 2010.

     S/ KENNETH G. GALE
     KENNETH G. GALE
     United States Magistrate Judge