IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

CODY MANUEL, )
)
          Plaintiff, )
)
v. ) Case No. 09-1244-WEB
)
WICHITA HOTEL PARTNERS, )
COLDWATER HOTEL )
MANAGEMENT, LLC., GOLDER )
HOSPITALITY, INC., HILTON HOTELS )
CORP., KOHLER CO., )
)
          Defendants. )

MEMORANDUM AND ORDER

This case arises from a slip and fall of the Plaintiff in a bathtub manufactured by Defendant Kohler, in a Wichita, Kansas hotel. Defendant Kohler Company (Kohler) has filed a Motion to Dismiss (Doc. 41). Kohler requests the court dismiss count five and count six of the petition pursuant to Rule 12(b)(6) and Rule 9(b).

    I. History of the Case

Plaintiff filed this action alleging premise liability, strict product liability, breach of warranty, negligence, misrepresentation, and violation of the Kansas Consumers Protection Act. The Defendant's Motion requests dismissal of count five, misrepresentation, and count six, violation of the Kansas Consumers Protection Act. Plaintiff requested additional time to complete discovery and amend the petition. The Court granted Plaintiff additional time, until August 16, 2010. (Doc. Entry 85). Plaintiff requested another extension of time to file an amended petition. (Doc. 116). Judge Gale denied Plaintiff's request for an additional extension of time. (Doc. 119). Kokler's motion is ripe for review.

1

II. Motion to Dismiss

Kohler request dismissal of Count 5 and Count 6.  Kohler argues that Manuel does not qualify as a consumer, and the sale of Kohler goods to the hotel does not qualify as a consumer transaction pursuant to the Kansas Consumer Protection Act.  Kohler also argues that the bath tub manufactured and sold by Kohler does not qualify as an assistive device as that term is defined under the Act pursuant to the Plaintiff's pleading.  Kohler argues the misrepresentation clam is not recognized as a cause of action and does not comply with Rule 9(b).

In response, the Plaintiff requested that if the court grants the motion, then it be without prejudice, and also requested a modification of the scheduling order.  As stated earlier, the Magistrate Judge allowed additional time for Plaintiff to amend the complaint.  Judge Gale did not grant additional time past August 16, 2010.  The Plaintiff did not respond to the merits of the motion to dismiss filed by the Defendant.

Kohler filed a response, arguing the Plaintiff did not present any argument in opposition to the motion, and the Plaintiff did not meet the pleading requirement.  Kohler also attached a series of emails between the parties in which the Plaintiff states the motion to dismiss is not opposed  if it is dismissed without prejudice.

III. Jurisdiction

This case is properly before the court pursuant to 28 U.S.C. § 1332, as the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00.

IV. Standard

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief may be granted." Sutton v. Utah State School for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991)). Furthermore, "all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party." Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005). Documents attached to the complaint are considered as part of the pleadings. Tal v. Hogan, 453 F.3d 1244, 1264 n. 24 (10th cir. 2006).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must look for "plausibility in the complaint." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007). Under this standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The possibility that plaintiff could prove some facts in support of the pleaded claims is insufficient, the court must believe the plaintiff has a reasonable likelihood of showing factual support for the claims. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). The plaintiff must "nudge his claims across the line from conceivable to plausible" in order to survive a motion to dismiss. Bell Atlantic Corp. at 570.

V. Discussion

1. Kansas Consumer Protection Act

In Count 6, Plaintiff alleges violations of the Kansas Consumer Protection Act, including representations that the product and its component parts, possessed qualitites, characteristics, uses and benefits which they did not possess, and representations that the product and its components parts were merchantable when they were not fit for the ordinary purposes for which such products were to be used. The Plaintiff requests actual damages, statutory damages,

3

reasonable attorney's fees and court costs pursuant to K.S.A. § 50-6,101 et seq.

The Kansas Consumer Protection Act applies to deceptive or unconscionable acts or practices committed by suppliers in connection with a consumer transaction. K.S.A. § 50-626(a). "Consumer" is defined as "an individual, husband and wife, sole proprietor, or family partnership who seeks or acquires property or services for personal, family, household, business or agricultural purposes." K.S.A. 50-624(b). "Consumer transaction" is defined as "a sale, lease, assignment or other disposition for value of property or services within this state to a consumer." K.S.A. § 50-624(c).

To the extent that the Plaintiff's KCPA claim is based on the transaction between Kohler and the hotel, the transaction does not qualify as a "consumer transaction." The comments to the 1973 amendment state "This definition of 'consumer' is intentionally broad. It covers not only individuals who seek or acquire goods, services or real estate for personal, family or household purposes, but also sole proprietors such as farmers and business people." The hotel is a Minnesota company. The hotel is clearly not "an individual, husband and wife, sole proprietor, or family partnership" as defined in K.S.A. § 50-624(b). Kohler's motion to dismiss count 6 is granted.

Kohler argues that the Plaintiff's reference to section 50-6,101 of the KCPA addresses rights and remedies of a consumer of assistive devices. Since the court has determined the KCPA does not apply to this transaction, this argument is moot.

2. Misrepresentation

Count 5 alleges misrepresentation by Defendant Kohler. Plaintiff alleges Kohler is strictly liable under section 402B of the Second Restatement of Torts. Kohler argues that Kansas

4

courts do not recognize "misrepresentation" as a cause of action, and to the effect the Plaintiff is raising a claim of fraudulent misrepresentation, the pleading does not meet the requirements of Rule 9. Kohler also argues the pleading does not meet the requirements of Rule 8, pursuant to Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Section 402B of the Second Restatement of Torts has been superseded by Section 9 of the Third Restatement of Torts, Product Liability. Section 9 states, "One engaged in the business of selling or otherwise distributing products who, in connection with the sale of a product, makes a fraudulent, negligent, or innocent misrepresentation of material fact concerning the product is subject to liability for harm to persons or property caused by the misrepresentation."

Kohler relies on Rodriguez v. ECRI Shared Services, 984 F.Supp. 1363 (D.Kan. 1997) and argues Kansas courts do not recognize a claim for "misrepresentation." In Rodriguez, the court found that a claim for innocent misrepresentation cannot support an affirmative claim for monetary damages. Id. at 1366, citing Green Const. Co. v. Kansas Power and Light Co., 732 F.Supp. 1550 (D.Kan. 1990). The court in Rodriguez also found that if the plaintiff intended to assert a fraudulent misrepresentation claim, the plaintiff must seek leave to file an amended complaint. Id. Kansas courts recognize the tort of negligent misrepresentation, Mahler v. Keenan Real Estate, Inc., 255 Kan. 593 (1994), affirmative misrepresentation, Wolf v. Brungardt, 215 Kan. 272 (1974), innocent representation (under equitable theory), Green Const. Co. v. Kansas Power & Light Co., 1 F.3d 1005, 1010 (10th Cir. 1993), and fraudulent misrepresentation, Citizens State Bank, Moundridge v. Gilmore, 226 Kan. 662 (1979). The Plaintiff does not state under which theory or legal action of misrepresentation the claim is asserted.

5

Kohler argues the Plaintiff's petition does not meet the requirements of Rule 9. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b). A complaint must identify the time, place, and content of each allegedly fraudulent representation or omission, identify the person responsible for it, and identify the consequences thereof. Koch v. Koch Indus., Inc., 203 F.3d 1202, 1236 (10th Cir. 2000). Stated another way, the plaintiff must set out the "who, what, where, and when" of the alleged fraud. Plastic Packaging Corp. v. Sun Chemical Corp., 136 F.Supp.2d 1201, 1203 (D.Kan. 2001). The purpose of Rule 9 is to give the defendant fair notice of the claims and the factual basis to support the claims. Id.. (citing Farlow v. Peat, Marwick, Mitchell & Co., 956 F.2d 982, 987 (10th Cir. 1992).

A review of the petition does not show specific dates or locations corresponding to the alleged misrepresentations. The petition also does not specify the content of the misrepresentation. The petition only states Kohler misrepresented to the public, without providing the details of who made a statement and when the statement was made.

Kohler also argues that the Plaintiff has failed to satisfy the pleading requirements of Rule 8 as set forth in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), and Bell Atl. Corp. V. Twombly, 550 U.S. 544 (2007). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court in Twombly stated that a motion to dismiss pursuant to Rule 12(b)(6) requires the complaint to allege factual allegations that raise a right to relief above the speculative level. 550 U.S. at 555. The complaint must state a claim to relief that is plausible on

its face. Id. at 570. The Court also found that the statement must give the defendant fair notice of what the claim is and the grounds upon which it rests. Id. at 555. In Ashcroft v. Iqbal, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court stated that " while legal conclusion can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. "If the plaintiff fails to allege an essential element of his claim, the complaint is appropriately dismissed pursuant to Rule 12(b)(6). Ellis ex rel. Estate of Ellis v. Ogden City, 589 F.3d 1099, 1102 (10th Cir. 2009).

Plaintiff's Count 5 states: "Defendant Kohler is also strictly liable to Plaintiff under Section 402B of the RESTATEMENT (SECOND) OF TORTS, in misrepresenting to the public that its product was safe and without defect; which statement and representation was false and involved a material fact concerning the character or quality of the product, and upon which representation the ultimate consumer, Plaintiff, constructively relied, and which constituted a producing cause of the occurrence in question." The language in Count 5 does not put the defendant on notice as to whether the misrepresentation claim is alleged under fraudulent, negligent, innocent, or affirmative. Count 5 is clearly a conclusory statement . The Plaintiff has not set forth factual and legal content for the court to draw a reasonable inference that the defendant is liable for misrepresentation. Iqbal, 129 S.Ct. at 1949. After Twombly and Iqbal, it is clear that the pleading standard set forth in Rule 8 requires the plaintiff to allege sufficient factual matter to "state a claim that is plausible on its face" in the petition or complaint. Twombly, 127 U.S. 570. The Plaintiff has not done so in this case. The Court in Iqbal stated, "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing

7

more than conclusions." Iqbal, 129 S.Ct. at 1950.  The court finds the Plaintiff has not met the pleading requirements of Rule 9 and Rule 8.  The Defendant's Motion to Dismiss Count 5, misrepresentation, is granted.

VI.  Conclusion

IT IS THEREFORE ORDERED, for the reasons set forth above, Defendant Kohler's Motion to Dismiss (Doc. 41) is GRANTED with prejudice.  Count 5 and Count 6 of the Plaintiff's petition are hereby dismissed.

IT IS SO ORDERED this 12th day of October, 2010.


   s/ Wesley E. Brown
Wesley E. Brown
Senior United States District Court Judge