# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CODY MANUEL,                              )
                                         )
                    Plaintiff,           )
                                         )
vs.                                      )        Case No. 09-1244-WEB-KGG
                                         )
WICHITA HOTEL PARTNERS, LLC,             )
*et al.*,                                )
                                         )
                    Defendants.          )
_____ )

## MEMORANDUM AND ORDER

Now before the Court is Plaintiff's Motion for Leave to File a Rebuttal

Expert Disclosure and supporting memorandum (Docs. 147, 148).  Although

Defendants have responded in opposition (Docs. 151, 154), Plaintiff's motion is

**GRANTED** for the reasons set forth below.

The facts and history of this case were recently summarized in this Court's

September 20, 2010, Memorandum and Order, which included a Third Revised

Scheduling Order.  (Doc. 119.)  That summary is incorporated herein by reference.

(*Id.*, at 2-3.)

Plaintiff brings the present motion requesting leave to identify a rebuttal

expert.  (Doc. 147.)  The Third Revised Scheduling Order included a December 6,

2010, deadline to bring such a motion (Doc. 119, at 6) and Plaintiff did so on that deadline. Plaintiff argues that a rebuttal expert is necessary after Defendant named both a neurologist and a neuropsychologist as experts. (Doc. 148, at 2.) According to Plaintiff, his "neurologist treating physician is not a neuropsychologist expert and is not comfortable in rendering opinions in that area of medical practice and relies upon neuropsychological professionals in performing his duties as a neurologist." (*Id*.) Plaintiff contends he would be "unfairly prejudiced" and disadvantaged if the present motion is not granted. (*Id*.)

Defendant Wichita Hotel Partners opposes Plaintiff's request, arguing that "neuropsychology has been the backdrop to Plaintiff's alleged injuries and damages throughout this entire case." (Doc. 151, at 3.) As such, Hotel Partners continues that its disclosure of a neuropsychologist "is not the type of 'new, unforeseen fact' that rebuttal evidence is designed to address." (*Id*., at 4, citing *Faigin v. Kelly*, 184 F.3d 67, 85 (1st Cir. 1999)). Defendant Kohler argues that Plaintiff's request is "nothing but an attempt to disclose an expert out-of-time in contradiction of the Court's scheduling order and federal discovery procedure." (Doc. 154, at 6.) The Court does not agree.

Whether or not to allow rebuttal testimony is within the sound discretion of the Court. *Koch v. Koch*, 203 F.3d 1202, 1224 (10th Cir. 2000). Although Plaintiff

identified a neuropsychologist as a treating physician, he did not identify such a health care professional as a retained expert. The Court anticipates that Defendants are aware of the limitations in trial testimony imposed on a treating physician as opposed to a retained expert. *See **Jones v. Greyhound Lines, Inc**.*, No 08-1185-MLB-DWB, 2009 WL 2195760, at * 2-3 (D. Kan. July 22, 2009). The Court also anticipates Defendants are aware of the additional costs incurred by retained experts, even when such health care professional has previously treated Plaintiff. Although Plaintiff had been treated by a neuropsychologist who could testify regarding Plaintiff's treatment, he did not have a need to designate such a health care professional as a retained expert until (and unless) one or more of the Defendants designated such an expert. Further, the Third Revised Scheduling Order clearly contemplated the possibility that Plaintiff would seek to identify a rebuttal expert. (*See* Doc. 119, at 6.) Under the circumstances, the Court finds Plaintiff's motion to be both valid and timely.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File a Rebuttal Expert Disclosure (Doc. 147) is **GRANTED**. Plaintiff shall comply with the requirements regarding designated experts on or before February 1, 2011.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 4th day of January, 2011.

                               s/Kenneth G. Gale
                               KENNETH G. GALE
                               United States Magistrate Judge